FILED
2014 Mar-31  AM 07:54
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED TRANSPORTATION UNION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CASE NO. 2:11-CV-4128-SLB |
| | ) |
| BIRMINGHAM SOUTHERN RAILROAD COMPANY; TRANSTAR, INC., | ) |
| | ) |
| Defendants. | ) |
| | |
| BIRMINGHAM SOUTHERN RAILROAD COMPANY, | ) |
| | ) |
| Counter Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED TRANSPORTATION UNION; CAROL J. ZAMPERINI, | ) |
| | ) |
| Counter Defendants. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by plaintiff/counter defendant United Transportation Union [UTU]. (Doc. 72.)[1] UTU maintains that this court lacks subject-matter jurisdiction over the Petition to Impeach contained in Count Eight of the Counterclaim filed by defendant/counter

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

claimant Birmingham Southern Railroad Company [BSR]. Specifically, UTU argues that the court lacks jurisdiction over the Petition to Impeach because BSR did not file it within the 10-day time period prescribed by Section 9 of the Railway Labor Act [RLA], 45 U.S.C. § 159. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the UTU's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (doc. 72), is due to be denied.

## I. STANDARD OF REVIEW

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Counter claimant BSR bears the burden of establishing the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994).

Attacks on subject matter jurisdiction under Rule 12(b)(1) occur in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999)(quoting *Lawrence*, 919 F.2d at 1528-29); *see also Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)("Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. When considering such challenges, the court must, as with

a Rule 12(b)(6) motion, take the complaint's allegations as true." (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)).  Therefore, "when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  "Factual attacks, on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Cook Oil Co., Inc. v. United States*, 919 F. Supp. 1556, 1559 (M.D. Ala. 1996)(quoting *Lawrence*, 919 F.2d at 1529).  If the defendant raises a factual attack, the court is "free to weigh the facts and [is] not constrained to view them in the light most favorable to [plaintiff]." *Carmichael*, 572 F.3d at 1279.

## II. STATEMENT OF FACTS

In September of 2008, BSR and UTU entered into an agreement to arbitrate their controversy over cost of living allowances [COLA] under the RLA.  The Arbitration Agreement created a tripartite arbitration panel designated as Special Adjustment Board 594 [Board 594] to decide the dispute.  Board 594 was comprised of Francis X. Quinn, UTU's partisan arbitrator; Joseph A Cassidy, BSR's partisan arbitrator; and counter defendant Carol J. Zamperini, the neutral chairwoman.  On November 28, 2008, with Cassidy dissenting, Board 594 issued Award No. 1, which resolved the COLA dispute in UTU's favor, finding that "no COLA payments are to be re-couped or withheld from the paychecks of [BSR's]

3

four UTU represented groups." Thereafter, a dispute arose between BSR and UTU as to whether Award No. 1 affected BSR's right to discontinue COLA payments prospectively. BSR maintained that Award No. 1 related exclusively to the issue of whether BSR was entitled to recoup COLA that it had already paid; UTU asserted that Award No. 1 required BSR to make COLA payments to UTU-represented employees going forward.

On November 21, 2011, Zamperini and Quinn issued an interpretation of Award No. 1 on behalf of Board 594 [the Interpretation]. According to the Interpretation, Board 594 "concluded [in Award No. 1] that the COLA negotiated by the parties were to be rolled into basic wage rates," and Award No. 1 "directed that all negotiated COLA payments paid to employees were to become a permanent part of employee wages and were not to be re-couped by [BSR]." (Doc. 1-1 at 1.) BSR and UTU agree that, if enforceable, the Interpretation compels BSR to continue paying COLA to its UTU-represented employees. The Interpretation was not filed by the Board according to the requirements of 45 U.S.C. § 157 Third (f).[2]

On December 7, 2011, UTU filed a Petition to Enforce the Interpretation and attached a copy of the Interpretation. (*See* docs. 1 & 1-1.) Twelve days later, on Monday, December

---

[2]"The board of arbitration shall furnish a certified copy of its award to the respective parties to the controversy, and shall transmit the original, together with the papers and proceedings and a transcript of the evidence taken at the hearings, certified under the hands of at least a majority of the arbitrators, to the clerk of the district court of the United States for the district wherein the controversy arose or the arbitration is entered into, to be filed in said clerk's office as herein provided." 45 U.S.C. § 157 Third (f).

19, 2011, BSR filed its Answer and Counterclaim. (Doc. 6.) In Count Eight of its Counterclaim, BSR asserts a "claim against [UTU] to impeach, review, and set aside the purported November 21, 2011 interpretation issued by two members of Board 594." (*Id*. at 53.)

### III. DISCUSSION

UTU argues that this court lacks subject-matter jurisdiction over BSR's claim to impeach the Interpretation because it was untimely filed pursuant to § 9 of the RLA, 45 U.S.C. § 159. Section 9, which is the exclusive means for challenging Board 594's Interpretation, provides:

> An award acknowledged and filed as herein provided[3] shall be conclusive on the parties as to the merits and facts of the controversy submitted to arbitration, and ***unless, within ten days after the filing of the award, a petition to impeach the award***, on the grounds hereinafter set forth, ***shall be filed in the clerk's office of the court in which the award has been filed***, the court shall enter judgment on the award, which judgment shall be final and conclusive on the parties.

45 U.S.C. § 159 Second (footnote and emphasis added). UTU filed the Interpretation with the Clerk of Court on December 7, 2011; BSR did not file its counterclaim seeking to to impeach the Interpretation until Monday, December 19, 2011, 12 days later. UTU argues the 10-day limitation is jurisdictional and, because BSR filed its counterclaim 12 days after UTU filed the Interpretation, this court has no jurisdiction to entertain BSR's challenge to the

---

[3] See, *supra*, note 2.

5

Interpretation.  For the reasons set forth below, the court finds that it has subject-matter jurisdiction to decide BSR's counterclaim.

"Although the district courts may not exercise jurisdiction absent a statutory basis, it is well established – in certain classes of cases – that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy."  *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005).  The parties appear to agree that this court has jurisdiction over UTU's Petition to Enforce the Interpretation under 28 U.S.C. § 1331 and 28 U.S.C. § 1337.[4]  The issue is whether the court has jurisdiction over BSR's counterclaim seeking to impeach the same Interpretation that UTU seeks to enforce.

Section 1367 provides –

---

[4]The court does not disagree that it has federal question jurisdiction over UTU's Petition.  *See Air Line Pilots Assoc. v. Federal Exp. Corp.*, 310 F. Supp. 2d 247, 249 (D.D.C. 2004)("This Court finds that is has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 over this action, which arises under the Railway Labor Act ("RLA"), 45. U.S.C. § 151-188."), *reversed on other grounds* 402 F.3d 1245 (D.C. Cir. 2005).  However, the court notes that the RLA does not provide a cause of action to enforce an Interpretation.  The way the court reads the statute, an Interpretation is binding and enforceable on the parties unless the party opposing the Interpretation files a Petition to Impeach ten days after the arbitrators file the Interpretation with the district court.  *See* 45 U.S.C. § 159 Second, Third.  Because Board 594 did not file the Interpretation with this court as required by the RLA, *see* 45 U.S.C. § 157 Third (f), the court considers UTU's Petition to Enforce the Interpretation to include a request that the Interpretation be deemed properly acknowledged and filed so as to be conclusive as to the parties.

> Except as provided in subsections (b)[5] and (c)[6] or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (footnotes added).  Therefore, this court has jurisdiction over BSR's claim to impeach the Interpretation because it is "so related to claims in the action within such original jurisdiction," the Petition to Enforce the Interpretation, "that [it] form[s] part of the same case or controversy under Article III of the United States Constitution." *Id.*

---

[5] "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 [diversity jurisdiction] of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b).

> [6] Subsection (c) states:
> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
>> (1)  the claim raises a novel or complex issue of State law,
>>
>> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>
>> (3)  the district court has dismissed all claims over which it has original jurisdiction, or
>>
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

7

Also, because the claim to impeach the Interpretation is a compulsory counterclaim[7] to UTU's Petition to Enforce, the impeachment claim is not time barred by the 10-day limit for filing such an action. "A compulsory counterclaim that is 'in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded . . . is never barred by the statute of limitations so long as the main action itself is timely.'" *Mayo Clinic Jacksonville v. Alzheimer's Institute of America, Inc.*, 683 F. Supp. 2d 1292, 1298 (M.D. Fla. 2009)(quoting *Bull v. United States*, 295 U.S. 247, 262 (1935))(other citations omitted).

---

[7]Rule 13(a) of the Federal Rules of Civil Procedure states the following with regard to compulsory counterclaims:

> (1) In General. A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:
>
>> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>>
>> (B) does not require adding another party over whom the court cannot acquire jurisdiction.
>
> (2) Exceptions. The pleader need not state the claim if:
>
>> (A) when the action was commenced, the claim was the subject of another pending action; or
>>
>> (B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.

Fed. R. Civ. P. 13(a).

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that it has subject matter jurisdiction over BSR's counterclaim seeking to impeach the Interpretation. An Order denying UTU's Motion to Dismiss, (doc. 72), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 31st day of March, 2014.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE