FILED

2014 Mar-31  AM 08:01
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED TRANSPORTATION UNION,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO.  2:11-CV-4128-SLB** |
| ) | |
| **BIRMINGHAM SOUTHERN RAILROAD COMPANY; TRANSTAR, INC.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| | |
| **BIRMINGHAM SOUTHERN RAILROAD COMPANY,** ) | |
| ) | |
| **Counter Claimant,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **UNITED TRANSPORTATION UNION; CAROL J. ZAMPERINI,** ) | |
| ) | |
| **Counter Defendants.** ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on the Motion *in Limine* to Exclude the Report and Opinion of George Frederick Leif filed by plaintiff/counter defendant United Transportation Union [UTU].  (Doc. 57.)[1]  Defendant/counter claimant Birmingham Southern Railroad [BSR] identified Leif as an expert by virtue of his "extensive work

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

experience in the field of railroad arbitration and, more generally, railroad dispute resolution." (Doc. 67 at 7.)  Mr. Lief opined in part:

> In my opinion Chairwoman Zamperini engaged in and allowed the United Transportation Union officers and representatives to engage in inappropriate and impermissible ex parte communication.  Ms. Zamperini's participation in these communications clearly failed to follow the well known standards of conduct for neutral arbitrators in the railroad industry.

Doc. 58-1 at 7.

> Ex parte communication on matters of substance associated with cases before or under consideration by an RLA arbitration board is universally considered inappropriate and unethical behavior.

*Id.* at 8.

> In this case, when Chairwoman Zamperini engaged in and allowed ex parte communication with the UTU's designated Board member and with UTU representatives Brodar and Previsich, without knowledge of or advice to BSR, her actions constituted a serious breach of the standards of conduct that apply to arbitrators and other persons serving in a neutral position in labor-management disputes.

*Id*. at 9.

UTU has moved to exclude Leif's testimony as not meeting the standards of Fed. R. Evid. 702.  (Doc. 58 at 1.)  Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that UTU's Motion *in Limine* to Exclude the Report and Opinion and George Frederick Leif, (doc. 57), is due to be granted.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  This rule was amended to its present form as a result of the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, which held that a trial court confronted with expert scientific testimony must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. 579, 592 (1993).  The first of these issues is a question of reliability, the second of relevance.  *See id.* at 590-91; *see also City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)(setting forth a three part test:  (1) whether the expert is qualified; (2) whether the methodology he uses to reach his conclusion is reliable; and (3) whether the testimony will assist the trier of fact to understand the evidence or determine a fact at issue).

Assuming without deciding that parts (1) and (2) of the above three part test are satisfied, the court has determined that Mr. Lief's testimony is inadmissible because it will not assist the trier of fact to understand the evidence or determine a fact in issue.

As to consideration of the relevance of the expert's testimony, the Court stated:

Rule 702 further requires that the evidence or testimony "assist the trier of fact to understand the evidence or to determine a fact in issue."  This condition goes primarily to relevance.  Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.  The consideration has been aptly described . . . as one of "fit."  "Fit" is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes.  The study of the phases of the moon, for example, may provide valid scientific "knowledge" about whether a certain night was dark, and if darkness is a fact in issue, the knowledge will assist the trier of fact.  However (absent creditable grounds supporting such a link), evidence that the moon was full on a certain night will not assist the trier of fact in determining whether an individual was unusually likely to have behaved irrationally on that night.  Rule 702's "helpfulness" standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.

*Id.* at 591-92(internal citations omitted).  "By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person."  *United States v. Frazier,* 387 F.3d 1244, 1262 (11th Cir. 2004)(citing *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985)).  Also, and as particularly important here, "An expert may not . . . testify to the legal implications of conduct . . . ."  *Nicholson v. McCabe*, No. CV-02-H-1107-S, 2003 WL 25676474, *1 (N.D. Ala. June 2, 2003)(citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)).  Indeed, the Eleventh Circuit has held that "[p]roffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments."  *Frazier*, 387 F.3d at 1262-63 (citation omitted).  Therefore, "an expert's testimony is inadmissible if the trier of fact is entirely capable of determining whether or not to draw the

4

expert's conclusions without any technical assistance from the expert. *Alabama Gas Corp. v. Travelers Caves. and Sur. Co.*, No. CV-10-J-1840-S, 2011 WL 10525703, *2 (N.D. Ala. Dec. 12, 2011)(quoting *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 565 (11th Cir.1998))(internal quotations omitted).

The crux of Leif's opinion can be summed up in this statement:

In my opinion, Chairwoman Zamperini engaged in and allowed [UTU] officers and representatives to engage in inappropriate and impermissible ex parte communication. Ms. Zamperini's participation in these communications clearly failed to follow the well[-]known standards of conduct for neutral arbitrators in the railroad industry.

(Doc. 58-1 at 10.) He contends that "[e]x parte communication on matters of substance associated with cases before or under consideration by an RLA arbitration board is universally considered inappropriate and unethical behavior. The National Academy Code is understood to prohibit the type of ex parte communication engaged in and permitted by Ms. Zamperini." (*Id*. at 8.) These opinions do little more than tell the fact finder what conclusion to draw from the facts.[2] As such Lief's expert opinion testimony is not admissible.[3]

---

[2]In other words, a fact finder could look at the rules applicable to neutral arbitrators and determine whether Ms. Zamperini's conduct violated those rules.

[3]The court notes that this decision is contrary to the court's statement at oral argument that it intended to deny UTU's Motion in Limine. However, after careful consideration of Lief's Report and his deposition testimony, the court has determined that Lief's testimony is not admissible for the grounds set forth herein.

Therefore, the court will grant UTU's Motion in Limine to Exclude Lief's opinion testimony.  The court has not considered Lief's testimony in deciding the parties' Motions for Summary Judgment.

**DONE**, this 31st day of March, 2014.

SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE